**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NO. _____

| | |
|---|---|
| SJ Enterprises Pty Ltd., an Australian company, | |
| Plaintiff, | |
| v. | |
| GrowGeneration Corp., a Colorado corporation; GrowGeneration California Corp., a Delaware corporation; and GrowGeneration Michigan Corp., a Delaware corporation, | |
| Defendants. | |

---

### COMPLAINT AND JURY DEMAND

---

Plaintiff SJ Enterprises Pty Ltd. ("Plaintiff" or "SJ Enterprises") for its complaint against GrowGeneration Corp., GrowGeneration California Corp., and GrowGeneration Michigan Corp. ("Defendants") alleges as follows:

### NATURE OF THE CASE

1.     This action seeks damages and injunctive relief for Defendants' willful infringement of SJ Enterprises' trademarks, and for unfair competition and false designation of origin, and related claims arising under state law in connection with Defendants' promotion and sales of expired hydroponic plant nutrients and additives sold under the CYCO® Trademarks (as

1

defined herein) in the United States (hereinafter "Expired Stock").

2.      For twelve years, SJ Enterprises has manufactured and distributed premium hydroponic plant nutrients and additives to professional plant growers throughout the world, including the United States, under the CYCO® Trademarks (hereinafter "CYCO® Products").

3.      CYCO® Products work by providing nutrients to plants through high quality Inputs (as defined herein), allowing plants to develop with refined inputs encouraging growth which aids with plant fruit quality and flower development.

4.      CYCO® Products are often administered to a plant by being added to its water supply. The CYCO® Products are used hydroponically and deliver all the macro and micro essentials needed for a plant to develop.

5.      SJ Enterprises' CYCO® Products are premium products in the marketplace, well-known for their quality, effectiveness and purity, due to the high grade of inputs used. Because of their premium grade, the CYCO® products are particularly suited for the regulatory medical gardening and cannabis market.

6.      CYCO® Products are of the highest purity grade Inputs available in the market and are subject to multiple quality control measures including, state and federal regulatory testing.

7.      In addition, the CYCO® products have specific disposal and safety measures and are sold with important customer training to ensure quality control measures and regulatory standards are complied with.

8.      SJ Enterprises' quality control efforts involving CYCO® Products ensure the consistency and effectiveness of the products.

9.      SJ Enterprises monitors the quality of its CYCO® Products, including when the products expire. Expired stock results in impurities within CYCO® Products which can act with other ingredients, compromising the potency and performance of the high-quality Inputs within the products.

10.     Once expired, the effectiveness of CYCO® Products can be compromised due to impurities as they accumulate with time, causing sediment, change of color, and bloat in the product containers.

11.     Expired CYCO® Products containing impurities are less effective for plant growth than non-expired products – a material difference to consumers.

12.     Defendants are sellers of CYCO® Products within the states of Colorado, California, and Michigan, and throughout the United States that have sold and continue to sell Expired Stock.

13.     SJ Enterprises has received consumer complaints concerning Expired Stock sold by the Defendants. Defendants' sale of Expired Stock has caused and will continue to cause consumer confusion and will irreparably harm SJ Enterprises' CYCO® Trademarks and CYCO® brand.

14.     Defendants' unauthorized use of the CYCO® Trademarks on Expired Stock is outside the quality control of SJ Enterprises.

15.     The Expired Stock is materially different to non-expired CYCO® Products and has already caused and is likely to continue to cause confusion as to the association, sponsorship, and/or approval of Defendants' Expired Stock with the CYCO® Products authorized by SJ Enterprises, constituting trademark infringement, and unfair competition, in violation of Sections

3

32 and 43 of the Lanham Act (15 U.S.C. §§ 1114 and 1125), and Colorado common law.

16.     Defendants are subject to personal jurisdiction in Colorado as they each have their principal place of business in Colorado, and because Defendants offer for sale, promote, and sell the Expired Stock in this District that is the subject of this action through their Websites, through their social media pages, and through their Colorado retail stores, which are accessible to Colorado consumers.  Defendants also store and offer the Expired Stock for sale at 1000 West Mississippi Ave, Denver CO 80223, their principal place of business. *See* **Exhibit C** (depicting the Expired Stock being offered for sale at Defendants' locations, including 1000 West Mississippi Ave, Denver CO 80223 Defendants' principal place of business).

## PARTIES

17.     Plaintiff SJ Enterprises Pty Ltd. is a private company organized and existing under the laws of Australia, with its principal place of business at 7 O'Connor Court, Gepps Cross South Australia 5094, Australia.

18.     Defendant GrowGeneration Corp. is a corporation organized and existing under the laws of the state of Colorado, with its principal place of business at 930 W 7th, Suite A, Denver, Colorado 80204, and with an address for its principal executive offices at 1000 West Mississippi Ave, Denver CO 80223.

19.     At GrowGeneration Corp.'s principal place of business, 1000 West Mississippi Ave, Denver CO 80223, a GrowGeneration storage location and sales store is located ("Denver Store").

20.     In addition to its principal place of business, GrowGeneration Corp. leases and operates retail facilities through which its sells products, including but not limited to, a retail

store located at 4180 S. Moorland Ave, Santa Rosa, CA 95407 ("Santa Rosa Store").

21.     In addition to its principal place of business and retail locations, during the time period at issue in this Complaint, GrowGeneration Corp. has operated commercial warehouses in Sacramento, CA ("Sacramento Warehouse"), Visalia, CA ("Visalia Warehouse"), and Tulsa, Ok ("Tulsa Warehouse") among other warehouse locations.

22.     Defendant GrowGeneration California Corp. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1000 West Mississippi Ave, Denver CO 80223.

23.     The Denver Store is located at GrowGeneration California Corp.'s principal place of business.

24.     In addition to its principal place of business, GrowGeneration California Corp. operates retail facilities through which it sells products, including but not limited to, a retail stores located at 1301 Montalvo Way, Palm Springs, California, 92262 ("Palm Springs Store"), and 5201 Carlson Park Dr. #2, Arcata, CA 95521 ("Arcata Store").

25.     Defendant GrowGeneration California Corp. is a wholly owned subsidiary of GrowGeneration Corporation.

26.     Defendant GrowGeneration Michigan Corp. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1000 West Mississippi Ave, Denver CO 80223.

27.     The Denver Store is located at GrowGeneration Michigan Corp.'s principal place of business.

28.     In addition to its principal place of business, GrowGeneration Michigan Corp.

operates retail facilities through which it sells products, including but not limited to, a retail store located at 1250 Front St. #NW, Grand Rapids, MI 49504 ("Grand Rapids Store").

29.     In addition to its principal place of business and retail locations, GrowGeneration Michigan Corp. operates a warehouse facility in Lansing, Michigan, used to serve as a retail/commercial operation, as well as a fulfillment center, supporting Defendants' online and direct-to-farm deliveries ("Lansing Warehouse"). The Lansing Warehouse assists with fulfilling online orders from Defendants' Websites, which have advertised and sold the Expired Stock to Colorado consumers.

30.     Defendant GrowGeneration Michigan Corp. is a wholly owned subsidiary of GrowGeneration Corporation.

31.     Defendants have the same, or overlapping officers and directors, and operate out of the same principal place of business in Colorado, to promote, distribute and sell the Expired Stock in Colorado, California, Michigan and throughout the United States.

**JURISDICTION AND VENUE**

32.     This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and contains related Colorado common law claims.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, as this is an action arising under the laws of the United States and relating to trademarks.  This Court has supplemental jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367 as those claims are part of the same case or controversy as the federal claims alleged herein.

33.     This Court has personal jurisdiction over Defendants because they have continuous, systematic, and substantial contacts within the State of Colorado.

34.     The Court has personal jurisdiction over GrowGeneration Corp. as it is incorporated in Colorado and has its principal place of business in Colorado.

35.     The Court has personal jurisdiction over GrowGeneration California, Corp. as it has its principal place of business in Colorado.

36.     The Court has personal jurisdiction over GrowGeneration Michigan Corp. as it has its principal place of business in Colorado.

37.     As the Defendants have their principal places of business in Colorado, they are at home within this Judicial District and subject to general personal jurisdiction in Colorado.

38.     Personal jurisdiction is also proper in Colorado as the cause of action arises from Defendants' activities in Colorado, including offering for sale, promoting, and selling the Expired Stock in this District at the Denver Store, their principal place of business, and through selling the Expired Stock on the Websites, and promoting the Expired Stock on their social media pages, which are accessible to Colorado consumers. *See* **Exhibit A** (depicting social media posts made by Defendants including Facebook post made by "GrowGeneration" advertising Expired Stock as purported CYCO® Products at GrowGeneration store in Pueblo West, CO); **Exhibit C** (depicting the Expired Stock being offered for sale at Defendants 1000 West Mississippi Ave, Denver CO 80223 principal place of business).

39.     GrowGeneration California Corp., and GrowGeneration Michigan Corp. are wholly-owned subsidiaries of GrowGeneration Corp.

40.     GrowGeneration Corp., GrowGeneration California Corp. and GrowGeneration Michigan Corp. distribute products, including the Expired Stock, throughout the United States, including, but not limited to, Colorado, California, and Michigan. Defendants also promote the

Expired Stock on their Websites, and via social media, which is viewable and accessible to consumers in Colorado. *See* **Exhibit A** (depicting Facebook post made by "GrowGeneration" advertising Expired Stock as purported CYCO® Products at GrowGeneration store in Pueblo West, CO)

41.     GrowGeneration Corp. has sold the Expired Stock to consumers through the retail stores it operates, including the Denver Store and Santa Rosa Store, as it has advertised CYCO Products in its possession as "buy one get one free" to liquidate its stock prior to the Expired Stock decaying further. True and correct copies of examples of such advertisements are contained within **Exhibit A** attached hereto.

42.     GrowGeneration Corp.'s Sacramento Warehouse, Visalia Warehouse, and Tulsa Warehouse, and Denver Store have stored the Expired Products on behalf of the Defendants for distribution to consumers throughout the United States and in Colorado. *See, e.g.*, **Exhibit C** (depicting Expired Stock as purported CYCO® Products being stored and offered for sale in Denver Store).

43.     GrowGeneration California Corp. has sold the Expired Stock to consumers through the retail stores it operates, including the Palm Springs Store, Arcata Store, and Denver Store, as it has advertised CYCO products in its possession as "buy one get one free" to liquidate its stock prior to the Expired Stock decaying further. True and correct copies of examples of such advertisements are contained within **Exhibit A** attached hereto.

44.     GrowGeneration Michigan Corp. controls one of Defendants' main distribution centers in the United States, the Lansing Warehouse, which stores some of the Expired Stock on behalf of the Defendants for distribution to consumers throughout the United States, and for

fulfillment of orders made via Defendants' Websites.

45.     GrowGeneration Michigan Corp. also has sold the Expired Stock to consumers through the retail stores it operates, including the Denver Store and Grand Rapids Store, as it has advertised CYCO products in its possession as "buy one get one free" to liquidate its stock prior to the Expired Stock decaying further. True and correct copies of examples of such advertisements are contained within **Exhibit A** attached hereto.

46.     Defendants have directed tortious acts that they knew or should have known would cause injury to SJ Enterprises in this District.

47.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) as all the Defendants in this action reside in the State of Colorado.

48.     Alternatively, venue would also be proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in Colorado as Defendants have stored, and offered the Expired Stock for sale at the Denver Store, and Defendants' key employees with knowledge of Defendants' sales of the Expired Stock and purchase of the Expired Stock are located in Colorado. Defendants' employees in Colorado have also communicated with SJ Enterprises and were made aware of the presence of the Expired Stock in Defendants' possession.

## FACTUAL BACKGROUND

### A.     SJ Enterprises' CYCO® Trademarks & Products

49.     Founded in 2008, SJ Enterprises manufactures and distributes high quality cutting-edge hydroponic plant nutrients and additives to be used in the hydroponic plant industry, defined as the CYCO® Products above.

50.    SJ Enterprises manufactures and distributes its CYCO® Products in multiple countries throughout the world, including the United States.

51.    In connection with its sale of CYCO® Products in the United States, SJ Enterprises owns multiple federally registered trademarks that are active on the principal register of the United States Patent and Trademark Office, including the following:

    a.   Registration Number 4,052,557 for "chemical fertilizers" depicted below:



    b.   Registration Number 4,755,770 for "Fertilizers; carbohydrate food source for use in growing plants" depicted below:

## SUGA RUSH

    c.   Registration Number 4,960,804 for "Plant growth regulating preparations; Plant hormones (phytohormones)" depicted below:

## CYCLONE

    d.   Registration Number 5,083,185 for "Fertilizers" depicted below:

## SUPA STIKY

e.   Registration Number 5,092,202 for "Fertilizers" depicted below:

# RYZOFUEL

(together, Registration Numbers 4,052,557; 4,755,770; 4,960,804; 5,083,185; and 5,092,202 (the "CYCO® Trademarks")).  True and correct copies of the registration certificates for the CYCO® Trademarks are contained in **Exhibit B** attached hereto and incorporated herein.

52.      Registration Number 4,052,557 is incontestable under 15 U.S.C. § 1065, providing conclusive evidence that the trademark is valid, and that SJ Enterprises has the exclusive right to use the mark in commerce.

53.      Members of the public and trade have come to associate the CYCO® Trademarks exclusively with SJ Enterprises and its CYCO® Products.

54.      SJ Enterprises' CYCO® Products feature the CYCO® Trademarks. Examples of the CYCO® Trademarks appearing on SJ Enterprises' CYCO® Products are below.







55.     SJ Enterprises has made significant investments in promoting and marketing the CYCO® Trademarks in connection with its CYCO® Products that have allowed SJ Enterprises to become a market leader in the hydroponic plant nutrients and additives market in United States.

56.     SJ Enterprises has developed, at great effort and expense, valuable goodwill in the CYCO® Trademarks, and consumers have come to recognize the CYCO® Trademarks as being uniquely associated with SJ Enterprises and its CYCO® Products.  Thus, the CYCO® Trademarks have valuable goodwill.

57.     The quality of CYCO® Products are closely monitored by SJ Enterprises through independent testing and certification prior to being sold to consumers.  CYCO® Products are also manufactured using the highest quality raw materials for hydroponic plant nutrients and additives ("Inputs").

58.     The quality of Inputs in the industry can range between eight different grades from the lowest quality Fertilizer grade to the highest quality Analytical grade.

59.     SJ Enterprises' CYCO® Product's Inputs are predominantly Food, Pharmaceutical, Laboratory, and Analytical Grade Inputs (the four highest quality grades) in order to ensure the purity of the ingredients SJ Enterprises' uses to manufacture its products and to optimize plant performance.

60.     Because the CYCO® Products use the highest grade Inputs, they are subject to strict federal and state regulation. The CYCO® Products, and supporting documentation such as laboratory and efficacy reports, must be registered in all States where the products are sold with numerous agencies. CYCO® Products have 1,100 individual state registrations, including California Department of Food and Agriculture (CDFA) and the Environmental Protection Agency (EPA).

61.     SJ Enterprises has stringent quality control measures in respect of the sale of CYCO® Products in order to ensure that it meets its federal and state regulatory obligations.

62.     Further, each state varies in its labelling requirements and, in order to comply with state labelling laws, products must be labelled correctly for the relevant state.

63.     As part of SJ Enterprises' quality control efforts concerning its CYCO® Products, SJ Enterprises also trains retailers of its CYCO® Products.  Special training is required in the use of CYCO® Products such that SJ Enterprises provides training and support to its certified distributors and retailers, which includes among other things, formal bi-annual product seminars, and day-to-day operational support.

64.     SJ Enterprises also provides product safety data sheets to its authorized and trained distributors about the CYCO® Products in packaging along with the products.  The safety data sheets contain important information about first aid measures, fire-fighting measures,

and product handling and storage, as well as information concerning the product expiration and shelf life.

65.     The quality of CYCO® Products is also monitored to ensure that the products and their labels meet various labelling regulations, and other regulations throughout the world, including the United States. Within the United States, SJ Enterprises monitors its CYCO® Products to ensure they comply with United States Environmental Protection Agency regulations, and the California Department of Food and Agriculture regulations, among other applicable regulations.

66.     To assist with its quality control, SJ Enterprises also labels each CYCO® Product it manufactures with specific batch numbers in order to identify when the product was made ("Batch Codes").  The Batch Codes state when the product was manufactured by SJ Enterprises, and in turn allow SJ Enterprises, and consumers, to identify when the product's shelf life expires.

67.     If they remain unopened, and if they are stored in a cool, dark location, the shelf life of CYCO® Products is approximately 2 years from the date of manufacture.  Once the seal is broken on CYCO® Products they have a shelf life of approximately 3 months.

68.     If a CYCO® Product's shelf life runs out, the quality and the effectiveness of the product diminishes, and the product exhibits undesirable characteristics that are materially different from unexpired CYCO® Products.  As an example, expired CYCO® Products can be discolored, can accrue unwanted sediment, and can experience container bloating.

69.     To ensure CYCO® Products are not sold in the market to consumers after their shelf life has passed, SJ Enterprises works with distributors to identify and dispose of expired or expiring CYCO® Product stock as expired CYCO® Products are materially different from SJ

Enterprises authorized CYCO® Products due to the fact that the quality and the effectiveness of the products diminishes. After the shelf life has passed, the products degrade, causing quality issues, and physically undesirable side-effects, like sediment chunking, container bloating, product discoloration, and in some cases an unwanted smell.

**B.**     **Defendants' Wrongful Acts**

70.     Despite SJ Enterprises' quality controls, and Defendants' awareness of SJ Enterprises' quality control involving CYCO® Products, Defendants have distributed, and have represented that they intend to keep distributing, CYCO® Products bearing the CYCO® Trademarks whose shelf life has expired ("Expired Stock").

71.     SJ Enterprises has not authorized Defendants to distribute the Expired Stock, which bears the CYCO® Trademarks, but is materially different to SJ Enterprises' authorized, non-expired CYCO® Products.

72.     Prior to February 2019, Defendants purchased CYCO® Products from one source, BWGS, as part of a liquidation of the CYCO® Product stock as the stock was expired, or soon to expire as early as February 2019.

73.     As early as February 2019, Defendants were aware that SJ Enterprises undertakes quality control of its CYCO® Products, and that the shelf life of CYCO® Products lasts from two years of the date of manufacture.

74.     On February 12, 2019, SJ Enterprises emailed Michael Salaman, the President of GrowGeneration Corp. attaching a list of all US batch codes from the prior two years, noting the batch code stock in Defendants' possession that had not been disposed of, and needed to be addressed.

15

75.     On February 13, 2019, SJ Enterprises sent an additional email to Michael Salaman of the Defendants expanding upon how once the CYCO® Products reach a certain age from the date of manufacture, the minimum guaranteed levels of input fall below their original registered amounts reflected with various regulatory agencies.

76.     Likewise, in or before April 2019, Defendants were aware that at least a portion of its CYCO® Product stock was expired, and/or damaged, and that it should be disposed of.

77.     Once it became aware of the potential for Expired Stock to be sold in the marketplace, SJ Enterprises approached Defendants to dispose of the Expired Stock.

78.     To try to facilitate with the disposal of the Expired Stock, SJ Enterprises also visited the Defendants in March 2019 to oversee the disposal of Expired Stock.

79.     During that time, SJ Enterprises advised Defendants that the remaining CYCO® Product stock in Defendants' possession was running out of shelf life and would be nearing expiration soon.  To facilitate with selling or disposing of the soon-expiring CYCO® Products in Defendants' possession, SJ Enterprises provided Defendants with the Batch Codes and expiration dates of the CYCO® Products.

80.     Despite being aware of the expiration dates for the products in its possession, Defendants have continued to sell Expired Stock to unsuspecting consumers.  The Expired Stock is no longer covered by manufacturer warranty, does not comply with current labelling regulations, has accumulated sediment and changed color, and its effectiveness has been compromised.

81.     Additionally, the Expired Stock is being sold by the Defendants without its safety data sheets, one of the ways in which the Expired Stock is materially different from authorized

16

CYCO® Product, as the safety data sheets contain vital information for consumers about first aid measures, fire-fighting measures, handling and storing the product, and product expiration and shelf-life. The Expired Stock is also not compliant with various current labeling regulations as it uses old labels, and different states, like California and Oklahoma, have specific labeling guidelines that require different labels than other states.

82.     Defendants have sold the Expired Stock over the Internet through their websites <www.growgeneration.com>, and <www.growgen.pro>, which link to each other (the "Websites"), as the Websites feature, and have featured CYCO® Products for sale on its webpages, and they have advertised the CYCO® Products for sale at prices of "up to 75% off", which is uncommon. *See* **Exhibit A** (depicting GrowGeneration advertising Expired Stock for up to 75% off, and available at the www.growgen.pro website on its Instagram account).

83.     Defendants have advertised the Expired Stock in connection with their social media pages, including Instagram.com and Facebook.com. Defendants have attempted to liquidate the Expired Sock through "giveaways", through "blowout sales" and through "buy on get one free" offers to unsuspecting consumers. Examples of such Defendants' social media advertisements are contacted within **Exhibit A**.

84.     Defendants offered the Expired Stock to unsuspecting consumers through their stores nationwide for the "blowout" price of up to 75% off. *See* **Exhibit A** (depicting GrowGeneration Corp. Instagram post advertising Expired Stock for "up to 75% off" in its GrowGeneration stores, including GrowGeneration Pueblo West, CO location).

85.     Defendants sell the Expired Stock within their stores located in California, Michigan, this Judicial District, and throughout the United States.

86.     Defendants offered "blowout" sales, and "buy one get one free" offers for purported CYCO® Products "at our stores nationwide".  *See* **Exhibits A**.

87.     GrowGeneration Corp. has sold Expired Stock in its Denver Store, Santa Rosa Store, and Tulsa Warehouse locations, among others. *See* **Exhibit A** (depicting Santa Rosa Store, and Tulsa Warehouse advertising purported CYCO® Products for "buy one get one free", and depicting purported CYCO® Products in Pueblo West, CO GrowGeneration store location); **Exhibit C** (depicting Expired Stock as purported CYCO® Products in Denver Store).

88.     GrowGeneration California Corp. has sold Expired Stock in its Arcata Store. *See* **Exhibit A** (depicting Arcata Store advertising purported CYCO® Products for "buy one get one free"); **Exhibit C** (depicting Expired Stock as purported CYCO® Products in Arcata Store)

89.     GrowGeneration California Corp. has also sold Expired Stock at the Denver Stock, where its principal place of business is located. **Exhibit C** (depicting Expired Stock as purported CYCO® Products in Denver Store).

90.     GrowGeneration California Corp. has also sold Expired Stock in its Palm Springs Store. *See* **Exhibit C** (depicting Expired Stock as purported CYCO® Products being sold in Palm Springs Store).

91.     GrowGeneration Michigan Corp. has sold and stored Expired Stock in its Livonia Warehouse. *See* **Exhibit A** (depicting Livonia Warehouse advertising purported CYCO® Products for "buy one get one free").

92.     GrowGeneration Michigan Corp. has also sold Expired Stock at the Denver Stock, where its principal place of business is located. **Exhibit C** (depicting Expired Stock as purported CYCO® Products in Denver Store).

93.     GrowGeneration Michigan Corp. has sold Expired Stock in its Grand Rapids Store. *See* **Exhibit C** (depicting Expired Stock as purported CYCO® Products being sold in Grand Rapids Store).

94.     As CYCO® Products are high quality cutting-edge hydroponic plant nutrients and additives, they are not typically subject to high discounted prices as advertised by the Defendants in connection with their Websites and retail stores nationwide.

95.     Defendants were advertising and selling the Expired Stock at severely discounted prices to liquidate the Expired Stock it purchased from BWGS to unsuspecting consumers.

96.     As a result of Defendants' sale of the Expired Stock, consumers have confused the Expired Stock for authorized, non-expired CYCO® Products, and have complained to SJ Enterprises.

97.     Consumers have complained about Defendants' Expired Stock smelling spoiled, having an "off" color, and containing "chunks", among other material differences to authentic CYCO® Products.

98.     As a result of complaints received about Defendants' Expired Stock, SJ Enterprises has had to provide credits to consumers.

99.     Defendants' sale of Expired Stock harms the goodwill and reputation of the CYCO® Trademarks, the CYCO® brand, and SJ Enterprises.

100.    On May 29, 2020, SJ Enterprises, through its counsel, sent correspondence to Defendants demanding that Defendants cease further distribution of the Expired Stock bearing the CYCO® Trademarks.

101.    On June 9, 2020, Defendants responded through counsel, and indicated that they

were not going to cease distribution of the Expired Stock.

102.    Defendants are continuing to knowingly distribute the Expired Stock in Colorado, California, Michigan, and the United States in violation of SJ Enterprises' rights.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement under 15 U.S.C. § 1114)

103.    SJ Enterprises repeats and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

104.    SJ Enterprises owns numerous valid and protectable federal trademark registrations for the CYCO® Trademarks, as shown at **Exhibit B** hereto. The CYCO® Trademarks are distinctive.

105.    As described in more detail in the foregoing paragraphs, Defendants have marketed, advertised, and promoted Expired Stock bearing the CYCO® Trademarks in United States commerce.

106.    Consumers who encounter Defendants' Expired Stock are likely to believe that the products are authorized by SJ Enterprises, when they are not.

107.    Thus, Defendants' use of the CYCO® Products on the Expired Stock is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with SJ Enterprises, or as to the origin, sponsorship, or approval of Defendants' Expired Stock by SJ Enterprises.  Such use constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

108.    Defendants' conduct is without SJ Enterprises' permission or authority. Prior to beginning this use, Defendants had actual knowledge of the fact that the CYCO® Products were

20

expired/expiring in their possession, and that SJ Enterprises did not condone or authorize their sale outside of SJ Enterprises quality control measures.

109.    As a result, Defendants have committed their infringement with full knowledge of SJ Enterprises' rights in the CYCO® Trademarks, and have willfully, deliberately, and maliciously engaged in the described acts with an intent to injure SJ Enterprises and to deceive the public.

110.    Defendants have profited from this infringement.

111.    This is an exceptional case under 15 U.S.C. § 1117(a).

112.    Defendants' willful conduct has caused damage to SJ Enterprises in an amount to be determined at trial, and unless restrained, will continue to cause serious and irreparable injury for which there is no adequate remedy at law.

113.    In light of the foregoing, SJ Enterprises is entitled to injunctive relief, and to recover from Defendants all damages, including lost profits and attorneys' fees, damage to SJ Enterprises' reputation and goodwill in the CYCO® Trademarks, and all damages that SJ Enterprises has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action.  SJ Enterprises is also entitled to an accounting of Defendant's profits resulting from its Lanham Act violations.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a))

114.    SJ Enterprises repeats and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

115.    As described in more detail in the foregoing paragraphs, Defendants have marketed, advertised, and promoted Expired Stock bearing the CYCO® Trademarks in United States commerce.

116.    Consumers who encounter Defendants' Expired Stock bearing the CYCO® Trademarks are likely to believe that the Expired Stock are approved by SJ Enterprises when it is not.  Thus, Defendants' use of the CYCO® Trademarks is likely to cause confusions, mistake, or deception as to the affiliation, connection, or association of Defendants with SJ Enterprises, or as to the origin, sponsorship, or approval of Defendants' Expired Stock by SJ Enterprises.  Such use constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

117.    Defendants' conduct was designed and undertaken for the purpose of unfairly competing with SJ Enterprises.

118.    Defendants' conduct is without SJ Enterprises' permission or authority.  Prior to beginning this use, Defendants had actual knowledge of the fact that the CYCO® Products were expired/expiring in their possession, and that SJ Enterprises did not condone or authorize their sale outside of SJ Enterprises quality control measures.

119.    As a result, Defendants have committed the conduct described herein with full knowledge of SJ Enterprises' rights in the CYCO® Trademarks, and have willfully, deliberately, and maliciously engaged in the described acts with an intent to injure SJ Enterprises and to deceive the public.

120.    Defendants have profited from this unfair competition and false designation of origin.

121.    This is an exceptional case under 15 U.S.C. § 1117(a).

122.    Defendants' willful conduct has caused damage to SJ Enterprises in an amount to be determined at trial and unless restrained, will continue to seriously and irreparably impair further the value of the CYCO® Trademarks, for which there is no adequate remedy at law.

123.    In light of the foregoing, SJ Enterprises is entitled to injunctive relief, and to recover from Defendants all damages, including lost profits and attorneys' fees, that SJ Enterprises has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstance warrant enhancement pursuant to 15 U.S.C. § 1117(a), as well as the costs of this action.  SJ Enterprises is also entitled to an accounting of Defendants' profits resulting from its Lanham Act violations.

### THIRD CAUSE OF ACTION

**(Common Law Trademark Infringement)**

124.    SJ Enterprises repeats and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

125.    As described in more detail in the foregoing paragraphs, Defendants have marketed, advertised, and promoted Expired Stock bearing the CYCO® Trademarks in United States commerce.

126.    Consumers who encounter Defendants' Expired Stock bearing the CYCO® Trademarks are likely to believe that the Expired Stock are approved by SJ Enterprises when it is not.  Thus, Defendants' use of the CYCO® Trademarks is likely to cause confusions, mistake, or deception as to the affiliation, connection, or association of Defendants with SJ Enterprises, or as to the origin, sponsorship, or approval of Defendants' Expired Stock by SJ Enterprises in violation of the common law of the state of Colorado.

127.     Defendants' conduct is likely to confuse and deceive members of the purchasing public as to the source of the Expired Stock.

128.     Defendants' conduct is intentional, and willful, in reckless disregard of Plaintiff's rights, in an attempt to take advantage of the goodwill which Plaintiff has developed.

129.     Defendants' willful conduct has caused damage to SJ Enterprises in an amount to be determined at trial and unless restrained, will continue to seriously and irreparably impair further the value of the CYCO® Trademarks, for which there is no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### (Common Law Unfair Competition)

130.     SJ Enterprises repeats and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

131.     As described in more detail in the foregoing paragraphs, Defendants have marketed, advertised, and promoted Expired Stock bearing the CYCO® Trademarks in United States commerce.

132.     Defendants' conduct as alleged herein constitutes misappropriation of valuable property rights of SJ Enterprises and trading on the goodwill symbolized by the CYCO® Trademarks, and is thereby likely to confuse and deceive members of the purchasing public as to the source of the Expired Stock as a result of Defendant's use of the infringing CYCO® Trademarks. By virtue of Defendants' conduct, Defendants have engaged in unfair competition in violation of the common law of the state of Colorado.

133.     Consumers who encounter Defendants' Expired Stock bearing the CYCO® Trademarks are likely to believe that the Expired Stock are approved by SJ Enterprises when it is

24

not.  Thus, Defendants' use of the CYCO® Trademarks is likely to cause confusions, mistake, or deception as to the affiliation, connection, or association of Defendants with SJ Enterprises, or as to the origin, sponsorship, or approval of Defendants' Expired Stock by SJ Enterprises in violation of the common law of the state of Colorado.

133. 134.    Defendants' conduct is likely to confuse and deceive members of the purchasing public as to the source of the Expired Stock.

135.    Defendants' conduct is intentional, and willful, in reckless disregard of Plaintiff's rights, in an attempt to take advantage of the goodwill which Plaintiff has developed.

136.    Defendants' willful conduct has caused damage to SJ Enterprises in an amount to be determined at trial and unless restrained, will continue to seriously and irreparably impair further the value of the CYCO® Trademarks, for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, SJ Enterprises requests that judgment be entered in its favor and against Defendants as follows:

1.    For an order and judgment that Defendants have infringed SJ Enterprises' CYCO® Trademarks in connection with the Expired Stock in violation of SJ Enterprises' rights under federal law, and/or the common law;

2.    For an order and judgment that Defendants have unfairly competed with SJ Enterprises in violation of SJ Enterprises' rights under 15 U.S.C. § 1125(a), and/or common law;

3.    For an order and judgment that Defendants have acted in bad faith, willfully, intentionally, and/or with reckless disregard to SJ Enterprises' rights;

4.    For an order permanently enjoining and restraining Defendants, and their agents, affiliates, subsidiaries, parents, officers, directors, servants, attorneys, employees, and assigns,

and all persons in active concert or participation with them, from:

       a.     Using the CYCO® Trademarks in connection with the unauthorized sale or advertisement of CYCO® Products in the United States;

       b.     Using the CYCO® Trademarks directly or indirectly in connection with the sale of Expired Products on Defendants' website, in any of their storage facilities, or in retail locations;

       c.     Engaging in conduct intended to mislead consumers through false advertising such as that specified in this Complaint or other similar advertisements intended to mislead or confuse consumers or disparage SJ Enterprises, the CYCO® Trademarks, and/or the CYCO® brand; and

5.     For an order requiring Defendants to permanently remove any Expired Stock from their Websites or any of their warehouse storage locations and retail outlets;

6.     For an order requiring Defendants to file with the Court and serve upon SJ Enterprises within fifteen (15) days after issuance of any injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

7.     For an order requiring Defendants to account for and pay over to SJ Enterprises all profits derived by Defendants from the use of the CYCO® Trademarks in connection with the Expired Stock, and for all damages sustained by SJ Enterprises by reason of Defendants' acts of infringement, false designation of origin, unfair competition, and injury to business reputation complained of in this Complaint, and that such amounts be held in constructive trust for SJ Enterprises;

8.     For an order awarding SJ Enterprises:

       a.     All profits derived by Defendants' wrongful acts complained of herein;

       b.     All damages sustained by reason of Defendants' wrongful acts complained

of herein;

        c.        Treble the amount of actual damages suffered by SJ Enterprises under 15 U.S.C. § 1117(a);

        d.        Punitive and exemplary damages in an amount sufficient to deter and punish Defendants for their willful and wrongful acts;

        e.        Its costs incurred in this action;

        f.        Its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a); and

        g.        Pre-judgment and post-judgment interest

9.        For an order granting SJ Enterprises such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

SJ Enterprises hereby demands a trial by jury on all claims and issues so triable.

Dated: December 14, 2020        Respectfully submitted,

        By:/*s/Maria Sinatra*_____
        Marcella Ballard (application for admission pending)
        MBallard@Venable.com
        Maria Sinatra
        MRsinatra@Venable.com
        VENABLE LLP
        1270 Avenue of the Americas, 24th Floor
        New York, NY 10020
        Phone: 212-307-5500
        Fax: 212-307-5598

        *Attorneys for Plaintiff*